FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2012 MAR 22  AM 11: 29

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.

JOSHUA JAY WILLIAMSON

CASE NO.  3:12-cr-43-J-99TJC-MCR
Cts. 1-2:    18 U.S.C. § 875(d)
Ct. 3:       18 U.S.C. § 2252(a)(4)(B)
Forfeitures: 18 U.S.C. § 981(a)(1)(C) &
             28 U.S.C. § 2461(c)
             18 U.S.C. 2253

## INDICTMENT

The Grand Jury charges:

### COUNTS ONE AND TWO

1.  Beginning in or about February 2011, and continuing until on or about June 7, 2011, at Jacksonville, in the Middle District of Florida and elsewhere, defendant, JOSHUA JAY WILLIAMSON, repeatedly used a computer and interactive computer services to transmit threatening communications to several female individuals over the internet.

2.  WILLIAMSON transmitted these threatening communications with the intent to extort, and attempt to extort things of value from the victim addressees, that is, nude and sexually explicit photographic images of the victim addressees.

3.  During this period and in furtherance of this scheme, WILLIAMSON compromised the email accounts and social networking accounts of several female individuals in an effort to gather personal items and information about

them, including sexually suggestive and provocative photographs of them.

4. In furtherance of this scheme, WILLIAMSON would send email or other electronic communications to the victim addressee and demand that the victim addressee send him nude and sexually explicit photographic images. He would inform the victim addressee that if she did not comply with his demand, he would injure her reputation by sending the sexually suggestive and provocative photographic images to her friends on her email contact and mailing lists.

5. All of the threatening communications made by WILLIAMSON were transmitted using a facility of interstate and foreign commerce, that is, via computer over the internet.

6. During the period from in or about ~~January~~ February 2011 through on or about June 7, 2011, WILLIAMSON transmitted threatening communications to over 30 different female individuals over the internet.

## COUNT ONE

7. Paragraphs 1 through 6 of this indictment are hereby realleged and incorporated by reference herein.

8. Beginning on or about May 14, 2011 through on or about May 17, 2011, at Jacksonville, in the Middle District of Florida and elsewhere,

JOSHUA JAY WILLIAMSON,

defendant herein, with the intent to extort things of value, did knowingly and willfully transmit in interstate and foreign commerce via the internet

2

communications containing threats to injure the reputation of the addressee and of another, that is, defendant threatened A.B. that defendant would distribute nude photographic images of A.B. to individuals who knew A.B. if A.B. refused to send nude photographic images of herself to defendant.

All in violation of Title 18, United States Code, Section 875(d).

## COUNT TWO

9. Paragraphs 1 through 6 of this indictment are hereby realleged and incorporated by reference herein.

10. On or about May 19, 2011, at Jacksonville, in the Middle District of Florida, and elsewhere,

JOSHUA JAY WILLIAMSON,

defendant herein, with the intent to extort things of value, did knowingly and willfully transmit in interstate and foreign commerce via the internet communications containing threats to injure the reputation of the addressee and of another, that is, defendant threatened R.S. that defendant would distribute nude photographic images of R.S. to individuals who knew R.S. if R.S. refused to send nude photographic images of herself to defendant.

All in violation of Title 18, United States Code, Section 875(d).

## COUNT THREE

On or about June 7, 2011, at Jacksonville, in the Middle District of Florida,

JOSHUA JAY WILLIAMSON,

defendant herein, did knowingly possess one (1) or more matters which contained visual depictions which were produced using materials which have been shipped and transported in or affecting interstate and foreign commerce, that is, a Maxtor computer hard disk drive, serial number Y62P521E, the production of which visual depictions involved the use of minors engaging in sexually explicit conduct and which visual depictions were of such conduct, and which were specifically identified in the following computer files, among others:

a. XXX - Incent - 5yo raped, hymen penetrated - kiddy little girl young porn real child sex baby pedo (no sound).mpg;

b. Melayu-Awek hussyfan pthc r@ygold babyshivid new - pthc 1 of rliluplanet (16).mpeg;

c. Lolita - Preteen - Childlover - Pedo - Shar - R@ygold Vanessa 12yrs(05m17s).mpg; and

d. Babysitter and Girl 8yo - 10yo having sex with older sister (AnalToys!!)Incest - Pedo Mom helps Dad fuck his Tiny Daugh~1.mpg.

In violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2).

4

## FORFEITURES

1. The allegations contained in Counts One through Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 2253.

2. Upon conviction of the offenses in violation of Title 18, United States Code, Section 875 set forth in Counts One and Two of this Indictment, the defendant, JOSHUA JAY WILLIAMSON, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

3. Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252, the defendant, JOSHUA JAY WILLIAMSON, shall forfeit to the United States of America:

    a. any visual depiction described in Title 18, United States Code, sections 2251, 2251A, 2252, 2252A, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

    b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and

5

   c. any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses.

4. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as

incorporated by Title 28, United States Code, Section 2461(c), and/or Title 18, United States Code, Section 2253(b).

A TRUE BILL,

_____
Foreperson

ROBERT E. O'NEILL
United States Attorney

By: _____
D. RODNEY BROWN
Assistant United States Attorney

By: _____
MAC D. HEAVENER, III
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
APR 1991
FORM OBD-34 APR 1991

No.

# UNITED STATES DISTRICT COURT

Middle District of Florida
Jacksonville Division

## THE UNITED STATES OF AMERICA

vs.

## JOSHUA JAY WILLIAMSON

## INDICTMENT

Violations:

Cts. 1-2: 18 U.S.C. § 875(d)
Ct. 3: 18 U.S.C. § 2251(a)

A true bill,

_____
Foreperson

Filed in open court this 22nd day of March, 2012.

_____
Clerk

Bail $_____

GPO 863 525