UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT

8·15·12

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.                                         CASE NO. 3:12-cr-43-J-99TJC-MCR

JOSHUA JAY WILLIAMSON

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Robert E. O'Neill, United States Attorney for the Middle District of Florida, and

the defendant, JOSHUA JAY WILLIAMSON, and the attorney for the defendant,

Alan E. Rosner, mutually agree as follows:

A.    **Particularized Terms**

1.    **Count(s) Pleading To**

The defendant shall enter a plea of guilty to Counts One, Two and

Three of the Indictment.  Counts One and Two charge the defendant with

making extortionate communications over the internet, in violation of 18 U.S.C. §

875(d).  Count Three charges the defendant with possession of child

pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2).

Defendant's Initials ___JW___                AF Approval ___BB___

2.    **Maximum Penalties**

Counts One and Two each carry a maximum sentence of up to 2 years of imprisonment, a fine of $250,000, term of supervised release of up to 1 year, and a special assessment of $100, said special assessment to be due on the date of sentencing.  Count Three carries a maximum sentence of not more than 10 years of imprisonment, a fine of $250,000, a term of supervised release of not less than 5 years, or life, and a special assessment of $100, said special assessment to be due on the date of sentencing.  If the Court sentenced the defendant on each count consecutively, the aggregate maximum penalties would be up to 14 years of imprisonment, fines totaling $750,000, or both, a term of supervised release of any term of years not less than 5, or life, and special assessments totaling $300.    Pursuant to Title 18, United States Code, Section 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapters 109A, 110 or 117, or Sections 1201 or 1591, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life for Count Three.  Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 1 year each for Counts One and Two, and up to 2 years for Count Three.  With respect to these offenses and pursuant to Title 18, United States Code, Sections 2259, 3663A

Defendant's Initials _____         2              AF Approval _____

and 3664, the Court shall order the defendant to make restitution to any victim of

the offense(s), and with respect to other offenses, the Court may order the

defendant to make restitution to any victim of the offense(s), or to the

community, as set forth below.

3.    **Elements of the Offense(s)**

The defendant acknowledges understanding the nature and

elements of the offense(s) with which defendant has been charged and to which

defendant is pleading guilty.

The elements of Counts One and Two are:

First:      The defendant knowingly sent a message in
            interstate commerce containing a true threat to
            damage the reputation of another;

Second:     The defendant did so with the intent to extort money
            or something else of value to the defendant.

The elements of Count Three are:

First:      That the defendant knowingly possessed one
            or more matters that contained visual
            depictions;

Second:     That such visual depictions were produced using
            materials that had been shipped and transported in
            interstate and foreign commerce by any means;

Third:      That the production of such visual depictions involved
            the use of a minor child engaging in sexually explicit
            conduct;

Fourth:     That such visual depictions were of a minor child
            engaged in sexually explicit conduct;

Defendant's Initials _____          3          AF Approval _____

Fifth:      That the defendant knew that at least one of the performers in such visual depictions was a minor child and knew that the visual depiction was of such a minor engaged in sexually explicit conduct.

4.   **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

5.   **Acceptance of Responsibility - Three Levels**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to

Defendant's Initials _JJJ_ 　　　　　4　　　　　AF Approval _____

whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

### 6.    **Forfeiture of Assets**

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees.  The assets to be forfeited specifically include, but are not limited to, One Antec Designs CPU, no serial number.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.  The defendant further consents to the filing of a motion by the United States for immediate entry of a Preliminary Order of Forfeiture.  The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the

Defendant's Initials  _JJW_                5                AF Approval _____

forfeiture of the property sought by the government.  Pursuant to the provisions

of Rule 32.2(b)(1), the United States and the defendant request that at the time

of accepting this plea agreement, the Court make a determination that the

government has established the requisite nexus between the property subject to

forfeiture and the offense(s) to which defendant is pleading guilty.  Further,

pursuant to the provisions of Rule 32.2(b)(2), the United States and the

defendant request that the Court promptly enter a preliminary order of forfeiture

without regard to any third party's interest in the property.  Pursuant to Rule

32.2(b)(4), the defendant agrees that the preliminary order of forfeiture shall be

final as to the defendant at the time it is entered, notwithstanding the

requirement that it be made a part of the sentence and be included in the

judgment.

The defendant agrees to forfeit all interests in the properties

described above and to take whatever steps are necessary to pass clear title to

the United States.  These steps include, but are not limited to, the surrender of

title, the signing of a consent decree of forfeiture, and signing of any other

documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate

property and to pass title to the United States before the defendant's sentencing.

To that end, defendant agrees to fully assist the government in the recovery and

return to the United States of any assets, or portions thereof, as described above

Defendant's Initials _J)w_                    6                    AF Approval _____

wherever located.  The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.  Defendant agrees that forfeiture and any payment of restitution shall not serve as an offset or credit against one or the other.

Defendant's Initials __)JW__                    7                    AF Approval _____

7.    **Abandonment of Property - Electronic Equipment**

Should the Federal Bureau of Investigation initiate a formal administrative abandonment proceeding to title said property to the United States of America, the defendant hereby agrees that this Plea Agreement satisfies all such "noticing" requirements set forth in the Title 41, Code of Federal Regulations, Section 128-48.1. Accordingly, the defendant hereby acknowledges and agrees that no additional "notice" need be provided inasmuch as this Plea Agreement satisfies all "noticing" requirements.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of the following:

    a.    One Dell Studio 1558 model PP39L laptop computer, P/N U082M A00, with power cord;

    b.    One Western Digital model WD800JB-00JJC0 80GB hard drive, serial number WCAM97214867;

    c.    One Western Digital model WD1200JB 120GB hard drive, serial number WMANN1217541;

    d.    One Ironkey USB drive, serial number 0103056;

    e.    One Simple Tech 512MB USB drive, serial number 90000-60003-002;

    f.    One My Android cellular telephone, serial number HT06VPS07207; and

    g.    One iPod Touch, 64GB, serial number 9C949XWD6K4.

Defendant's Initials _JJW___       8       AF Approval _____

8.    **Sex Offender Registration and Notification**

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

B.    **Standard Terms and Conditions**

1.    **Restitution, Special Assessment and Fine**

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, _shall_ order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any

Defendant's Initials �ꓶꓤ                    9                    AF Approval _____

victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

    2.   **Supervised Release**

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

    3.   **Sentencing Information**

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or

Defendant's Initials _____        10        AF Approval _____

inaccuracies.  The United States further reserves its right to make any

recommendations it deems appropriate regarding the disposition of this case,

subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P.

32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of

this plea agreement, an affidavit reflecting the defendant's financial condition.

The defendant further agrees, and by the execution of this plea agreement,

authorizes the United States Attorney's Office to provide to, and obtain from, the

United States Probation Office, the financial affidavit, any of the defendant's

federal, state, and local tax returns, bank records and any other financial

information concerning the defendant, for the purpose of making any

recommendations to the Court and for collecting any assessments, fines,

restitution, or forfeiture ordered by the Court.

4.    **Sentencing Recommendations**

It is understood by the parties that the Court is neither a party to

nor bound by this agreement.  The Court may accept or reject the agreement, or

defer a decision until it has had an opportunity to consider the presentence

report prepared by the United States Probation Office.  The defendant

understands and acknowledges that, although the parties are permitted to make

recommendations and present arguments to the Court, the sentence will be

determined solely by the Court, with the assistance of the United States

Defendant's Initials _____          11          AF Approval _____

Probation Office.  Defendant further understands and acknowledges that any

discussions between defendant or defendant's attorney and the attorney or other

agents for the government regarding any recommendations by the government

are not binding on the Court and that, should any recommendations be rejected,

defendant will not be permitted to withdraw defendant's plea pursuant to this plea

agreement.  The government expressly reserves the right to support and defend

any decision that the Court may make with regard to the defendant's sentence,

whether or not such decision is consistent with the government's

recommendations contained herein.

     5.    **Defendant's Waiver of Right to Appeal and**
                 **<u>Right to Collaterally Challenge the Sentence</u>**

        The defendant agrees that this Court has jurisdiction and authority

to impose any sentence up to the statutory maximum and expressly waives the

right to appeal defendant's sentence or to challenge it collaterally on any ground,

including the ground that the Court erred in determining the applicable guidelines

range pursuant to the United States Sentencing Guidelines, except (a) the

ground that the sentence exceeds the defendant's applicable guidelines range

<u>as determined by the Court</u> pursuant to the United States Sentencing

Guidelines; (b) the ground that the sentence exceeds the statutory maximum

penalty; or (c) the ground that the sentence violates the Eighth Amendment to

the Constitution; provided, however, that if the government exercises its right to

appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the

Defendant's Initials _____)JW_____          12          AF Approval _____

defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6.   **Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7.   **Filing of Agreement**

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8.   **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law,

Defendant's Initials ꝰꝰꭎ            13            AF Approval _____

and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials _____            14              AF Approval _____

9.    **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

10.    **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

.

Defendant's Initials _ꓷꓷꙍ_                15                AF Approval _____

11.   **Certification**

The defendant and defendant's counsel certify that this plea

agreement has been read in its entirety by (or has been read to) the defendant

and that defendant fully understands its terms.

DATED this ___13th___ day of ~~April~~ August, 2012.

ROBERT E. O'NEILL
United States Attorney

JOSHUA JAY WILLIAMSON
Defendant

By: _____
D. RODNEY BROWN
Assistant United States Attorney

ALAN E. ROSNER
Attorney for Defendant

_____
MAC D. HEAVENER, III
Assistant United States Attorney
Deputy Chief, Jacksonville Division

Defendant's Initials ))◡                    16                    AF Approval _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 3:12-cr-43-J-99TJC-MCR

JOSHUA JAY WILLIAMSON

_____

### PERSONALIZATION OF ELEMENTS

#### As to Count One

      1.    Do you admit that from on or about May 14, 2011 through on or about May 17, 2011, you knowingly sent messages in interstate commerce using the internet containing true threats to damage the reputation of another, that is, A. B., by distributing nude photographic images of A. B. to others?

      2.    Did you do so with the intent to extort things of value, that is, additional nude photographic images of A. B.?

#### As to Count Two

      1.    Do you admit that on or about May 19, 2011, you knowingly sent messages in interstate commerce using the internet containing true threats to damage the reputation of another, that is, R. S., by distributing nude photographic images of R. S. to others?

      2.    Did you do so with the intent to extort things of value, that is, additional nude photographic images of R. S.?

Defendant's Initials _JJW_                    AF Approval _____

**As to Count Three**

      1.    On or about June 7, 2011, at Jacksonville, in the Middle District of Florida, did you knowingly possess one or more matters that contained visual depictions, that is, those contained in the computer files listed in Count Three of the indictment?

      2.    Do you admit that such visual depictions were produced using materials that had been shipped and transported in interstate and foreign commerce, that is, a Maxtor computer hard disk drive, serial number Y62P521E, which was manufactured outside the state of Florida?

      3.    Do you admit that the production of such visual depictions involved the use of minor children engaging in sexually explicit conduct, including, among others, genital to genital intercourse between prepubescent minor females and adult males?

      4.    Do you admit that these visual depictions were of minors engaging in sexually explicit conduct?

      5.    Do you admit that you knew that at least one of the performers in each of the visual depictions was a minor and that you knew that the visual depictions were of such minors engaged in sexually explicit conduct?

Defendant's Initials _JW_        2        AF Approval _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 3:12-cr-43-J-99TJC-MCR

JOSHUA JAY WILLIAMSON

_____

## FACTUAL BASIS

Beginning in or about February 2011, and continuing until on or about
June 7, 2011, at Jacksonville, in the Middle District of Florida and elsewhere,
defendant, Joshua Jay Williamson, repeatedly used a computer and interactive
computer services to transmit threatening communications to several female
individuals over the internet.  Williamson transmitted these threatening
communications with the intent to extort, and attempt to extort things of value
from the victim addressees, that is, nude and sexually explicit photographic
images of the victims.  During this period and in furtherance of this scheme,
Williamson compromised the email accounts and social networking accounts of
several female individuals in an effort to gather personal information about them,
including sexually suggestive and provocative photographs of them.  In
furtherance of this scheme, Williamson sent email or other electronic
communications to the victim addressee and demanded that the victim
addressee send him nude and sexually explicit photographic images.  He would
inform the victim addressee that if she did not comply with his demand, he would

Defendant's Initials _____                          AF Approval _____

injure her reputation by sending the sexually suggestive and provocative photographic images to her friends on her email contact and mailing lists. All of the threatening communications made by Williamson were transmitted using a facility of interstate and foreign commerce, that is, via computer over the internet.

During this period, Williamson hacked into various email accounts and other social networking sites of dozens of adult females. Many of these victims were acquaintances of Williamson from high school. In doing so, Williamson was able to access and obtain nude photographs of some of the victims that had been sent by the female victims to former boyfriends.

On May 14, 2011 at 10:08 a.m., an adult female, A. B., received an email to her current email account from another one of her email accounts that had been hacked into by Williamson. Williamson sent this email, which stated:

> I found all of your naughty pictures you sent to [former boyfriend]. You have a nice body. If you don't want me to post them all over your facebook and linkedin profiles as well as email them out to everyone on your contact list and through your [sorority] mailing list then you will need to send me some more sexy pictures. I want you to pose completely naked, use a decent camera, with good lighting. I want to see those amazing breasts and I want you to play with yourself and have fun with it! I look forward to hearing from you soon! Your new best friend!

A. B. did not respond to this email. On May 17, 2011 at 4:43 p.m., Williamson sent a second email to A. B. from her compromised email account, which stated:

> I guess you didn't believe me about sending pictures out to everyone in your contact list if you don't give

Defendant's Initials ____JW____          2          AF Approval _____

> me what I want.  I will give you a couple more days
> before I send them all out.  I have attached proof that
> I have your photos.  Love you!

Attached to this second email was a partially nude photograph that A. B. emailed

to her boyfriend several years before from the compromised email account.  A.

B. had not used the compromised account since 2008.  A. B. subsequently

received several emails requesting password changes to her Facebook and her

uncompromised email account.  A. B. immediately changed the passwords to

these accounts, but was unable to gain access to the compromised email

account.

A. B. reported this activity to law enforcement, and an undercover officer

assumed and took control of A. B.'s uncompromised account.  During his effort

to identify and locate Williamson, the undercover officer made contact with

Williamson online and engaged in an online chat conversation.  During this

conversation, Williamson continued to press "A. B." to send him nude pictures of

herself.  At one point, the undercover officer typed:

> well, here's something for you to consider.  I was 17
> years old when i took those pictures.  That makes
> them child porn.  So that makes you in possession of
> child porn.  you distribute them, then you distributed
> child porn.  That is some serious time in prison. . .

Williamson responded:

> So is blackmail which I am already committing.  you
> think I don't know how to make it impossible to find
> out where and who I am?  I'm not some idiot little kid
> that is just doing this for kicks.  So just send me some

Defendant's Initials  ɔɔω                3              AF Approval _____

new photos to enjoy and I will disappear from your life forever.

Meanwhile, Williamson continued to use A. B.'s compromised email account to send extortionate emails to other female victims. On May 19, 2011, Williamson sent extortionate emails to approximately 75 other female individuals requesting that the victims send him "full nude photos" or risk having pictures sent to the victim's email and Facebook contacts. Specifically, on May 19, 2011 at 2:17 p.m. Williamson sent an email to R. S., an adult female, that stated:

> I found a nice little picture of you that you sent to your boyfriend. Unless you want me to send it to everyone in your email contacts, your [sorority] mailing list, and on your facebook I suggest you send me more sexy pictures for my viewing pleasure. I will give you a couple days to get the pictures to me. As proof I have attached a photo. Thanks!

Attached to the email was a partially nude photo of R. S. which she had emailed to her boyfriend several years before from an old email account. Williamson had obtained this photo by hacking into R. S.'s old account. When she received this email, R. S. contacted the FBI.

Subsequent investigation revealed that Williamson had used several different internet protocol (IP) addresses to access the internet and send out the extortionate emails, including those that resolved to a server in Germany, a business in Ponte Vedra, a college in Jacksonville, and his own residence in Jacksonville. Williamson had used an anonymizer program in an unsuccessful effort to conceal his identity.

Defendant's Initials _____        4        AF Approval _____

On June 7, 2011, FBI agents executed a search warrant at Williamson's residence in Jacksonville, and he was present at the residence. He was advised that he was not under arrest, and further that he was free to leave his residence during the search. After being advised that he was not obligated to speak with the agents, Williamson advised that he wished to speak with the agents and provided the following information:

Williamson stated that he did not follow through on any of the threats that he made to numerous females over the internet, and that he made the threats because he wanted to get more nude pictures of these females. He stated that he targeted females that he had known in high school. He was able to reset the passwords of the email accounts of these women and take control of their accounts. Williamson stated that he did this for the thrill of it, and also because he liked some of the women and wanted to see them naked. He purposely concealed his true identity by using A. B.'s email account that he had compromised.

Williamson stated that he had threatened about 30 or 40 females in this manner, that he did not receive any additional nude photos from them, and that he did receive some sort of response from about 10 different women. Of these women, Williamson sent follow-up emails to two or three of them in which he continued to threaten them into sending him additional nude photographs.

Defendant's Initials _)✓_____          5          AF Approval _____

Williamson told the agents that he created folders on his computer for each woman that he threatened, and provided agents with the file path to these folders, "D:Josh's_stuff/media/pics/special."  Williamson also admitted that he was addicted to pornography, that he possessed approximately 200 GB of pornography, and that he viewed pornography on a daily basis.  When asked by the agents if he possessed any child pornography, Williamson stated that if he did, it was not intentional.  Williamson explained that he would download very large amounts of pornography at a time and would not always see everything that was being downloaded.

Subsequent forensic analysis of Williamson's black generic desktop computer revealed that it contained three different hard drives.  An examination of the first and second hard drives revealed folders titled in the names of nearly 150 different women.  Many of the folders contained nude photographs of the women, as well as their personal information, including their addresses, social security numbers, passwords and even income tax returns.  On the third hard drive (a Maxtor computer hard disk drive, serial number Y62P521E) was found a user created folder labeled "Private/New" that contained images of child pornography.  The FBI obtained a second search warrant for the computer hard drives to search for child pornography.  Upon execution of this search warrant on the defendant's black generic desktop computer, approximately 23 images and 31 videos of child pornography were recovered in the "Private/New" folder.  One

Defendant's Initials  _JJ⌣_____          6          AF Approval _____

of these videos, titled "XXX - Incent - 5yo raped, hymen penetrated - kiddy little girl young porn real child sex baby pedo (no sound).mpg," depicts a very young prepubescent child being vaginally penetrated by an adult's penis.

The Maxtor computer hard disk drive belonging to Williamson that contained the images and videos of child pornography was manufactured outside the state of Florida and thus was shipped and transported in interstate commerce. Williamson knowingly possessed these images and videos for his own sexual gratification. Williamson knew that the production of each of the images which he possessed involved the use of at least one minor child engaged in sexually explicit conduct. Williamson acknowledges that there exists a sufficient nexus for purposes of forfeiture between the items set forth in the plea agreement, and the criminal conduct as set forth above.

Defendant's Initials _JW_          7          AF Approval _____