UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

CASE NO.: 3:12-cr-43-J-99TJC-MCR

vs.

JOSHUA JAY WILLIAMSON
_____/

## SENTENCING MEMORANDUM

The Defendant, JOSHUA JAY WILLIAMSON, by and through the undersigned attorney, files this sentencing memorandum for the Court's consideration at the sentencing scheduled for November 28, 2012, in support of his request that the Defendant be sentenced to below the recommended guidelines and would further state:

## CIRCUMSTANCES OF THE OFFENSE CONDUCT

As the Court is well aware, the Defendant is charged with two counts of Extortion and one count of Possession of Child Pornography. The extortion case occurred after the Defendant solicited provocative photographs from different adult women through the Internet. The attempt to obtain these photographs was, not surprisingly, detected by the FBI after one of the women reported the activity. From his solicitation, no photographs were ever obtained by the Defendant. Although the Defendant possessed sufficient computer skills to disseminate the photographs already in existence he obtained through the internet, he did not do so. Although he threatened to embarrass the women with the photographs he obtained, he did not have the evil mind set of actually carrying out the threat. There is a substantial difference between an individual who

threatens such embarrassment but, although capable, does not expose the people to such embarrassment.

It is also of significance that the Defendant requested naked pictures from contemporaries, which was likely to not generate much interest or participation. If he attempted to target younger females, teenagers, or pre-teens, it is more likely that they would have fallen for the ruse. In fact, none of the women he contacted were willing to send any photographs, and at least one reported his activity to the local authorities. Of those victims who felt threatened or were upset by the emails, all but one was concerned enough to report the activity to the authorities.

Upon execution of the search warrant by the FBI, the Defendant was advised that he was free to leave his residence during the search and was not obligated to speak with any of the agents. Mr. Williamson stayed within the residence with the agents and voluntarily admitted his unlawful activity, knowing, as he previously stated in one of his e-mail communications, that he had committed "blackmail". He disclosed to the agents the methods and the e-mail accounts that he used in order to intrude into the e-mail accounts or Facebook accounts of the women he had attempted to obtain photographs from. Williamson provided the FBI with the passwords to his computer hardware and was otherwise fully cooperative with the agents, knowing he had committed crimes and that he was not under any obligation to cooperate.

After execution of the search warrant, and with a reasonable belief that he would be arrested and charged with various crimes, the Defendant remained in Duval County waiting for the hammer to fall. He ceased his unlawful conduct, chose not to flee the jurisdiction, and did

not engage in any further criminal conduct. The Defendant obtained a psychosexual evaluation and sought counseling. With great anguish, the Defendant disclosed his conduct to this parents, and worse, his fiancé. The Defendant continued his education at the University of North Florida, completed his coursework, made excellent grades, all while suffering from the anxiety of the pending federal prosecution. The Defendant successfully graduated from the University of North Florida with a Bachelor of Science degree in Computer and Information Sciences in December of 2011. He graduated with a 4.0 in his major, and an overall grade point average of 3.37. The Defendant has dutifully attended all court appearances, complied with all conditions of his release, and pled guilty to all counts charged in the indictment acknowledging the unlawful conduct. This was done with the anticipation that he will be subject to incarceration, sex offender registration, a period of supervision, and will eliminate use of the Internet so critical to his future hopes of success. Since high school, and as evident by the major he chose to pursue in college, his dream of a future in computer technology has been destroyed by his conduct and his willingness to acknowledge the crimes he committed.

## OFFENDER CHARACTERISTICS

The Defendant was born in March of 1988 and had just turned 23 years of age when the search warrant was executed. The Defendant had never previously been arrested, never involved in crime, and had a only minor experience with marijuana. After reaching 16 years of age, the Defendant was continuously employed earning income at various odd jobs typical of teenagers who have a work ethic. The Defendant, although employed, was an excellent student at Stanton College Preparatory School, played lacrosse and soccer, and also engaged in numerous extracurricular activities.

He was a lead student web developer in the Duval County school system until his graduation in May of 2006. He oversaw the day-to-day operation of the Duval County public school system website including updates and new content. He worked with faculty and teachers from individual schools to produce custom website templates for their respective schools. He trained new student web developers in Active Server Pages.

The Defendant participated in Freedom's Answer, assisting in non-partisan voter registration. The Defendant helped produce and acted in his high school drama productions. He was an AP Scholar.

The Defendant enrolled in the University of North Florida upon completion of high school in 2006 after being awarded a Florida Medallion Scholarship. He quickly became involved in leadership activities on campus and through his fraternity.

At the University, he was a member of the elite UNF Inter Fraternity Council. He became director of Scholarship and Risk Management and was the leader of establishing best practices for all fraternities on campus in regards to scholarship and risk management. As a member of the Kappa Sigma fraternity at UNF, he was treasurer and a two-term vice president of administration. As treasurer, he oversaw the substantial budget for the entire chapter's academic year. As vice president, he conducted meetings, rewrote all chapter by-laws, and was responsible for the overall behavior of the chapter.

He was a member of the Dean's List for the College of Computing and Engineering and Construction. He received the Kappa Sigma scholarship-leadership certificate of merit, was the recipient of the Kappa Sigma outstanding grand curator award and the outstanding grand treasurer award.

His leadership activities continued as the founder of the UNF Osprey Lacrosse Club. Mr. Williamson started the club team on campus, managed the team's finances, and secured a coach and equipment. Based on the Defendant's leadership, the club gained admittance into the Florida Lacrosse League which still exists today.

The Defendant's community service included raising money for the Fisher House Foundation, participation in Relay for Life, assisted in the Marine Corp Half Marathon, was a volunteer for the Florida Blood Alliance and performed other community service work for the University.

Upon learning of the Indictment, the PGA terminated his employment. The Defendant obtained employment with Sweet Tomatoes and quickly rose to management level. His employment with them is continuing despite his difficulties.

It's not surprising that the Defendant took responsibility for his actions and is holding himself accountable.

## SENTENCING OPTIONS

The sentencing Court cannot presume that a guideline sentence is reasonable for any particular defendant. *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456 (2007); *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007). As the Court is well aware, the Defendant faces incarceration, an extensive period of supervised release, and a lifetime of reporting to the authorities as a sex offender. The sex offender registration has devastating consequences to those who attempt to obtain residence and employment. Since their introduction in 1987, Congress has directed the Sentencing Commission to amend guidelines under §2G2.2, enhancing the penalties. The specific offense characteristics have resulted in offenders receiving enhancements in practically every case involving child pornography. Although in 1987, only the

most sophisticated users of computers were able to download child pornography, in 2012 it is easily obtained by anyone with access to the internet. Moreover, the five-level enhancement for the number of images and videos depicting sadistic or masochistic conduct are almost always assigned because of the easy access to these types of images. Almost all child pornography cases receive the two-level enhancements for the use of a computer and age of the victim. These enhancements have become part of the offense itself and no longer fail to distinguish the more serious offenders from less.

Application of the guidelines produces a sentence greater than necessary to fulfill the purposes of sentencing. According to the PSR, Mr. Williamson is assigned an adjusted offense level of 33 (with a total offense level of 30 after the recognition of his acceptance of responsibility), which is an offense level equal to or greater than:

| USSG §2A2.1 | Assault with Intent to Commit Murder | Base Offense Level | 33 |
| USSG §2A1.3 | Voluntary Manslaughter | Base Offense Level | 29 |
| USSG §2A3.2 | Statutory Rape | Base Offense Level | 18 |

Under this framework, Mr. Williamson's offense is treated on the same level or worse as the taking of a human life.

An adult who statutorily rapes a minor and was convicted of abusive sexual contact of a person under the age of 12 who was in his care or custody by misrepresenting his identity on a computer would have an adjusted offense level of 30.

| USSG §2A3.4 | Base Offense Level | 20 |
| | (b)(1) Age of victim | 4 |
| | (b)(3) Care, custody or supervisory control | 2 |
| | (b)(4) Misrepresentation of identity | 2 |

|  |  |  |
|---|---|---|
| (b)(5) Use of a computer | | 2 |
| Adjusted Offense Level | | 30 |

The adjusted offense level computed in the PSR provides for a greater offense level than if the Defendant had committed a complex aggravated assault by discharging a firearm and causing permanent bodily injury in order to gain financially:

| USSG §2A2.2 | Base Offense Level | 14 |
|---|---|---|
| | (b)(1) more than minimal planning | 2 |
| | (b)(2)(A) discharge of firearm | 5 |
| | (b)(3)(C) permanent injury | 7 |
| | (b)(4) payment or offer of money | 2 |
| | Adjusted Offense Level | 30 |

The adjusted offense level computed in the PSR is greater than the offense level if Mr. Williamson had distributed 1 to 3 kilograms of heroin, 5 to 25 kilograms of cocaine, 1000 to 3000 kilograms of marijuana. (See USSG §2D1.1(c)(4), which attributes a base offense level of 32 to each of these amounts of controlled substances).

The Defendant would submit that even a adjusted level of 28 (adjusted if the Court accepts the Defendant's objection to the two-level enhancement for distribution) creates a sentence greater than necessary. The Defendant's request is that the Court impose a sentence that is reasonable based upon the conduct charged that is reflective of the Defendant's character and background. The Defendant would submit that even a sentence at the low end of a level 28, that of 78 months, is wholly disproportionate to the crimes charged and unnecessarily harsh given the totality of the information that the Court has regarding this Defendant.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of November, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the Notice of Electronic Filing by e-mail to David Rodney Brown, rodney.brown@usdoj.gov.

 

HARRIS, GUIDI, ROSNER,
DUNLAP & RUDOLPH, P.A.

ALAN E. ROSNER, Esquire
1837 Hendricks Avenue
Jacksonville, Florida 32207
(904) 777-7777
Attorney for Defendant
Fla. Bar No.: 0323489
rosner@harrisguidi.com



CollegeBoard AP
connect to college success™

# AP Scholar Award

**JOSHUA J. WILLIAMSON**

*in recognition of exemplary college-level achievement on Advanced Placement Program Examinations*

Gaston Caperton
President
The College Board

Trevor Packer
Executive Director, Advanced Placement Program
The College Board

Conferred: **September 8, 2005**

Zip 32246 , School Code # 100775 , Reg 05738334

# COLLEGE OF COMPUTING, ENGINEERING AND CONSTRUCTION



UNIVERSITY of
NORTH FLORIDA

## Dean's List

THIS CERTIFICATE IS PRESENTED TO

*Joshua J. Williamson*

IN RECOGNITION OF OUTSTANDING ACADEMIC PERFORMANCE FOR

*Spring Term 2009*

The faculty and administration of the college extend their congratulations and encourage you to regard this marker of success as signaling your potential for assuming a leadership role in your present and future professional endeavors.

Neal S. Coulter, Dean

# COLLEGE OF COMPUTING, ENGINEERING AND CONSTRUCTION



**UNIVERSITY of NORTH FLORIDA**

## Dean's List

THIS CERTIFICATE IS PRESENTED TO

*Joshua J Williamson*

IN RECOGNITION OF OUTSTANDING ACADEMIC PERFORMANCE FOR

*Fall Term 2010*

The faculty and administration of the college extend their congratulations and encourage you to regard this marker of success as signaling your potential for assuming a leadership role in your present and future professional endeavors.

Peter A. Braza, Dean

# COLLEGE OF COMPUTING, ENGINEERING AND CONSTRUCTION



UNIVERSITY of NORTH FLORIDA

## Dean's List

THIS CERTIFICATE IS PRESENTED TO

### Joshua J Williamson

IN RECOGNITION OF OUTSTANDING ACADEMIC PERFORMANCE FOR

### Spring Term 2011

The faculty and administration of the college extend their congratulations and encourage you to regard this marker of success as signaling your potential for assuming a leadership role in your present and future professional endeavors.

_____
Peter A. Braza, Dean

# College of Computing, Engineering and Construction



**UNIVERSITY of NORTH FLORIDA.**

THIS CERTIFICATE IS PRESENTED TO

## Dean's List

*Joshua J Williamson*

IN RECOGNITION OF OUTSTANDING ACADEMIC PERFORMANCE FOR

### Fall Term 2011

The faculty and administration of the college extend their congratulations and encourage you to regard this marker of success as signaling your potential for assuming a leadership role in your present and future professional endeavors.

Mark A. Tumeo

# The Kappa Sigma Endowment Fund

*In recognition of the outstanding qualities of*

Scholarship and Leadership

*exemplified by his exceptional record of accomplishment as an undergraduate, this*

### Certificate of Merit

*is awarded to Brother*

## Joshua J. Williamson
### Pi-Psi Chapter

*by order of the Scholarship-Leadership Awards Commission of the*

## Kappa Sigma Endowment Fund

December 10, 2009



RUSSELL L. WIENER, TRUSTEE AND CHAIRMAN

JOHN W. RYAN, TRUSTEE AND TREASURER

E. L. BETZ, JR., TRUSTEE AND WORTHY GRAND MASTER

LUKE J. SCHISSEL, TRUSTEE AND VICE CHAIRMAN

Thomas P. Bishop, TRUSTEE AND SECRETARY

MIKE J. MARLATT, COMMISSIONER

# KAPPA SIGMA FRATERNITY

*Established 1869*

## Outstanding Grand Procurator Award

*This is to recognize*

### Joshua J. Williamson

Xi-Psi Chapter, University of North Florida

Awarded at the 2010 East Leadership Conference

for his outstanding performance in the duties and responsibilities of Grand Procurator

E. L. Betz, Jr.
Worthy Grand Master

# KAPPA SIGMA FRATERNITY

*Established 1869*

## Outstanding Grand Treasurer Award

*This is to recognize*

### Joshua J. Williamson
### Xi-Psi Chapter, University of North Florida

*for his outstanding performance in the duties and responsibilities of Grand Treasurer*

Awarded at the 68th Biennial Grand Conclave

E. L. Betz, Jr.
Worthy Grand Master