UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

CASE NO.: 3:12-cr-43-J-99TJC-MCR

vs.

JOSHUA JAY WILLIAMSON
_____/

## SUPPLEMENT TO DEFENDANT'S SENTENCING MEMORANDUM

The Defendant, JOSHUA JAY WILLIAMSON, files this Supplement to his Sentencing Memorandum and attaches the following:

1. Letter from Dr. Larry Neidigh regarding polygraph review.

2. Letter from William Hughes regarding Defendant's treatment.

3. Letter from Laurence Williams, Defendant's father.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of November, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I electronically mailed the foregoing document and the Notice of Electronic Filing by e-mail to David Rodney Brown, rodney.brown@usdoj.gov.

HARRIS, GUIDI, ROSNER,
DUNLAP & RUDOLPH, P.A.

_____
ALAN E. ROSNER, Esquire
1837 Hendricks Avenue
Jacksonville, Florida 32207
(904) 777-7777
**Attorney for Defendant**
Fla. Bar No.: 0323489
rosner@harrisguidi.com

# COMMUNITY BEHAVIORAL SERVICES, P.A.
Larry Neidigh, Ph. D. Clinical Director
<u>Psychological Counseling, Assessment, and Forensic Services</u>
1543 Kingsley Avenue, Suite 18A * Orange Park, Florida 32073
(904) 269-3324  Fax (904) 264-2302

May 4, 2012

Joshua Williamson
2307 Honolulu Court
Jacksonville, FL 32246

Re:   Polygraph Review

Dear Mr. Williamson:

Since the completion of my original evaluation I have had the opportunity to review the results of a sexual history polygraph examination.

Considering all of the available information, it is my opinion that sexual offender registration is not needed in this case to ensure community safety. Furthermore, Mr. Williamson appears to be an appropriate candidate for outpatient psychosexual treatment.

If you have specific questions or need additional information, please feel free to contact me at your convenience.

Sincerely,

Larry Neidigh, Ph.D.
Licensed Psychologist
Diplomat, American College of Forensic Examiners
PY0004090

# COMMUNITY BEHAVIORAL SERVICES, P.A.
Larry Neidigh, Ph. D. Clinical Director
<u>Psychological Counseling, Assessment, and Forensic Services</u>
1543 Kingsley Avenue, Suite 18A * Orange Park, Florida 32073
(904) 269-3324  Fax (904) 264-2302

November 26, 2012

Alan Rosner, Esquire
1837 Hendricks Ave
Jacksonville, FL 32207

**RE: Joshua Williamson**

Dear Mr. Rosner:

I am writing to provide information relevant to the participation and progress of Mr. Joshua Williamson, who I am seeing individually in outpatient therapy. As you are aware, Mr. Williamson began voluntarily participating in counseling sessions with me on February 2, 2012. His most recent session was on November 5, 2012.

Since the outset of treatment, Mr. Williamson has been very open and forthcoming regarding the issues for which he has been arrested. Additionally, Mr. Williamson has provided a polygraph-verified sexual history which indicates he has never photographed a child for sexual purposes and has never had sexual contact with a child. It is further noteworthy that, on a psychological evaluation conducted on June 18, 2012, Mr. Williamson did not endorse any items on the Molest and Rape Scales indicative of interest in rape or child molestation; the clinical profile produced from the Sexual Adjustment Inventory did not contain any significant risk indicators for child molestation or sexual assault; and there were no findings suggesting distorted attitudes and beliefs about children and their sexuality. Finally, it was concluded that there were multiple factors suggesting that Mr. Williamson is a low risk to the community.

Mr. Williamson's attendance, participation, and openness in therapy are positive prognostic indicators. Likewise, regarding the counts of extortion, it is significant that Mr. Williamson never acted on any of the threats he made against the targets of his attention. Given the previous information, his lack of criminal history, and the lack of indicators for antisocial traits, it would appear that Mr. Williamson is a good candidate for continued outpatient counseling and for whom sexual offender registration is not necessarily needed to ensure community safety.

If you have further questions or require additional information, please do not hesitate to contact me at your convenience.

Sincerely,

William B. Hughes, Jr. MA LMHC
Licensed Mental Health Counselor MH4774

# Laurence J Williamson

4572 Capital Dome dr
Jacksonville, FL 32246

T 904-564-9213
M 904-703-9762

williamson_l@msn.com

August 15, 2012

The Honorable
Monte C. Richardson
United States Magistrate Judge
Jacksonville Division
Jacksonville, Florida

Your Honor,

I would like to take a moment of your valuable time and let you know that my son (Joshua J. Williamson) is a fine young man. I know all parents would like to believe that their children are perfect and incapable of doing anything that would cause harm or discomfort to anyone else. But no matter how hard we try as parents, all we can do is hope we have instilled upon them good morals and compassion for their fellow humanbeings. When they become adults we have to allow our young men and women to make their own choices. Some times they are not the best choices.

His mother and I are divorced, but we both continue to be available for him and give constant encouragement in his daily life and express our love for him and how proud we are of him. And not to forget the disappointment in inappropriate choices but we will always be there to give support and love.

He is fully aware and willing to take responsibility of his actions that have led up to this situation that he is currently in. On the outside he is doing the best he can to cope with everything going on. On the inside and privately he is very emotional about this. It is very difficult to see my fine young man break down to tears. I do believe in my heart and soul that he never imagined the severity of his actions.

I hope that you can see with his actions since, that his heart is good and he is capable of continuing to be a very viable and productive individual if given a chance. I feel that for him to do time in a federal prison setting would do far more harm to him than any good. If at all possible, I hope that you could find him a s candidate for probation to allow him the opportunity to prove to you and society that this is not the type of person he wishes to become. He has such a bright future ahead of him.

Sincerely yours,

Laurence J. Williamson